UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRIDENT STEEL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV1040 TIA |
| ) | |
| GREGORY REITZ and ) | |
| SABINE PIPE, INC., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Trident Steel Corporation's Motion to Remand. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

**Background**

On April 27, 2011, Trident Steel Corporation ("Trident") filed a seven count Petition in the Circuit Court of St. Louis County, alleging that Defendants Gregory Reitz and Sabine Pipe, Inc. unlawfully misdirected sales from Trident during Reitz' employment with Trident. Each count requests $25,000 in damages. Defendants removed the case to federal court on June 9, 2011 based on diversity jurisdiction. All parties in this case are residents of different states. However, on June 24, 2011, Plaintiff Trident filed a Motion to Remand to state court, asserting that diversity jurisdiction does not exist because Defendants failed to meet their burden of demonstrating that the amount in controversy exceeds $75,000. Defendants responded that the aggregated claims exceed the $75,000 threshold.

**Discussion**

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district

courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." District courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . , and is between citizens of different States." 28 U.S.C. § 1332(a)(1).

The removing party has the burden of establishing that diversity jurisdiction exists by a preponderance of the evidence. In re Prempro Prod. Liab. Litig., 591 F.3d 613, 620 (8th Cir. 2010) (citation omitted). Upon satisfaction of this burden, "remand is only appropriate if the plaintiff can establish 'to a legal certainty' . . . that the amount in controversy is less than $75,000." Doe v. Prudential Ins. Co. of America, No. 4:10CV297 CDP, 2010 WL 2326065, at *2 (E.D. Mo. June 8, 2010) (citation omitted). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." In re Prempro Prod. Liab. Litig., 591 F.3d at 620 (8th Cir. 2010) (citation omitted). Here, Defendants contend that this Court has original jurisdiction because the parties are citizens of different States and the amount in controversy is greater than $75,000. Plaintiff, on the other hand, argues that the claimed damages cannot be aggregated to reach the jurisdictional amount.

The undersigned finds that Defendants have met their burden of demonstrating an amount in controversy greater than $75,000. Here, although each count only requests an amount of damages in excess of $25,000 plus punitive damages, Defendants have demonstrated that those amounts can be aggregated to surpasses the $75,000 threshold. Further, Plaintiff has not established to a legal certainty that the amount in controversy is less.

In diversity cases with two or more defendants, the amount of alleged damages may be aggregated to satisfy the amount in controversy requirement only if the defendants are jointly liable.

Middle Tennessee News Co. v. Charnel of Cincinnati, Inc., 250 F.3d 1077, 1081 (7th Cir. 2001). However, where the defendants are severally liable, the amount in controversy requirement must be satisfied against each individual defendant. Id. Further, "when aggregating claims to determine if more than $75,000 is at issue, the court may not aggregate claims that merely assert different theories of recovery for the same damages." Frump v. Claire's Boutiques, Inc., No. 10-1106-CV-W-SWH, 2011 WL 1103055, at *3 (W.D. Mo. March 22, 2011).

In the complaint, the first two counts are against Reitz individually. Counts IV and V are against Sabine individually. Counts III, VI, and VII are against Reitz and Sabine jointly and severally. Defendants argue that the threshold is met as to each Defendant, either by aggregating the claims against them individually or by aggregating the joint liability claims. Defendants further assert that the claims against the Defendants are not merely alternative theories for the same conduct and the same damages, as each cause of action requires different elements of proof and relies on different conduct. Plaintiff contends, without explanation or support, that Trident's Complaint alleges counts against Reitz and Sabine individually that are alternate theories of liability regarding the same facts for the same damages.

However, review of the Petition belies this claim. As stated by Defendants, the pleadings do not appear to be alternative theories of recovery for the same conduct and damages, nor does the Petition indicate that Plaintiff cannot recover under each and every count. Trident raises 5 claims against each Defendant. Trident claims that Defendant Reitz breached his duty of loyalty (Count I); breached his fiduciary duty (Count II) ; tortiously interfered with Trident's business expectancy (Count III); unfairly competed with Trident (Count VI); and conspired to interfere with Trident's business expectancies (Count VII). Likewise, Sabine allegedly tortiously interfered with Trident's

3

business expectancy (Count III); tortiously interfered with a contract (Count IV); aided and abetted Reitz in breaching his duties of loyalty and fiduciary duty (Count V); unfairly competed with Trident (Count VI); and conspired to interfere with Trident's business expectancies (Count VII). Even without addressing the aggregation of the claims raised jointly against the Defendants, the undersigned finds that the aggregated claims against each individual Defendant exceeds $75,000.[1] In response to Defendants' satisfaction of the burden to demonstrate that the amount in controversy is met, Trident has not shown to a legal certainty that the amount does not meet the jurisdictional threshold.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Trident Steel Corporation's Motion to Remand [Doc. #17] is **DENIED**

Dated this 23rd day of August, 2011.

/s/ Terry I. Adelman
UNITED STATES MAGISTRATE JUDGE

---

[1] For instance, the court in C.D. Peacock, Inc. v. The Neiman Marcus Group, Inc., No. CIV.A. 97-5713, 1998 WL 111738, at *3 (E.D. Pa. March 9, 1998) found that tortious interference with a contract was qualitatively distinct from tortious interference with prospective business relations. The court noted that the torts remedied separate harms, one involving and existing expectation and the other involving future economic gain. Id. at *5.