UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TRIDENT STEEL CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  4:11CV1040 TIA |
| | ) | |
| GREGORY REITZ and | ) | |
| SABINE PIPE, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Sabine Pipe, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction.  The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

## I.  Background

Trident Steel Corporation ("Trident") is a Missouri company with its principal place of business located in St. Louis County, Missouri.  (Pet. ¶ 1, ECF No. 6)  Sabine Pipe, Inc. ("Sabine") is a company with its principal place of business in Texas.  (Id. at ¶ 3)  Both companies sell Line Pipe and Oil Country Tubular Goods ("OCTG") used primarily in the oil and gas industry, and the companies compete for sales.   (Id. at ¶¶ 5-6)  Gregory Reitz is a former salesperson of Trident and is currently employed by Sabine. (Id. at ¶¶ 7-8)  He resides in the State of Oklahoma.  (Id. at ¶ 2)

On April 27, 2011, Trident filed a seven count Petition in the Circuit Court of St. Louis County, alleging that Defendants Reitz and Sabine unlawfully misdirected sales from Trident during Reitz' employment with Trident.  Specifically, Trident asserts that while Reitz was an employee for Trident, he was a direct point of contact for customers seeking to place orders for Trident products.

(Id. at ¶ 9)  According to the Complaint, instead of informing Trident of the orders, Reitz would contact Sabine, and Sabine filled the orders and received payment.  (Id. at ¶ 10)  In addition, Trident contends that Reitz failed in his duties to relay all customer concerns and complaints regarding Trident products.  (Id. at ¶ 12)  Defendants removed the case to federal court on June 9, 2011 based on diversity jurisdiction.

On June 16, 2011, Sabine filed a motion to dismiss for lack of personal jurisdiction, arguing that Sabine does not have sufficient contacts with the State of Missouri to satisfy federal personal jurisdiction requirements.  Specifically, Sabine asserts that it does not conduct business in Missouri, Trident's claims against Sabine do not pertain to conduct that occurred in Missouri, and Sabine's recruitment and hiring of Reitz happened outside of Missouri.  Trident, on the other hand, contends that specific personal jurisdiction exists, as Sabine committed intentional acts uniquely aimed at Trident in the State of Missouri, satisfying the "effects test" of personal jurisdiction.

On November 2, 2011, the undersigned ordered the parties to conduct limited discovery on the personal jurisdiction issue.  On February 24, 2012, Trident filed a Supplemental Memorandum in Opposition to Defendant Sabine Pipe, Inc.'s Motion to Dismiss, and Sabine filed its supplemental memorandum in support on March 9, 2012.  In the memorandum in opposition, Trident presents the additional argument that this Court has general personal jurisdiction over Sabine based on Sabine's numerous transactions with Trident and other Missouri steel and pipe companies.  Sabine responds that none of the transactions with Trident, which did not involve pipe going to or from Missouri, were continuous and systematic.

## II.  Legal Standards

"To survive a motion to dismiss for lack of personal jurisdiction, a plaintiff has the burden of

making a prima facie showing that personal jurisdiction exists." <u>Riceland Foods, Inc. v. SCF Marine, Inc.</u>, No. 4:09CV830 CDP, 2009 WL 2928764, at *2 (E.D. Mo. Sept. 9, 2009) (citation omitted). The court views the evidence in the light most favorable to the plaintiff and determines factual conflicts in favor of the plaintiff. <u>Id.</u> However, plaintiff must produce some evidence, and conclusory allegations are insufficient to make a prima facie case. <u>Id.</u> "The plaintiff's prima facie showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motion[ ] and in opposition thereto." <u>Dever v. Hentzen Coatings, Inc.</u>, 380 F.3d 1070, 1072 (8th Cir. 2004) (citation and internal quotations omitted). The party seeking to establish personal jurisdiction carries the burden of proof, and this burden does not shift to the party challenging jurisdiction. <u>Riceland Foods</u>, 2009 WL 2928764, at *2 (citation omitted). "While the plaintiffs bear the ultimate burden of proof, jurisdiction need not be proved by a preponderance of the evidence until trial or until the court holds an evidentiary hearing." <u>Epps v. Stewart Info. Servs. Corp.</u>, 327 F.3d 642, 647 (8th Cir. 2003) (citations omitted).

To determine whether personal jurisdiction exists, the forum state's long-arm statute must be satisfied, and the exercise of personal jurisdiction must be consistent with due process. <u>Wells Dairy, Inc. v. Food Movers Int'l, Inc.</u>, 607 F.3d 515, 518 (8th Cir. 2010) (citation omitted). "Missouri has construed its long-arm statute to confer jurisdiction to the fullest extent permitted by the United States Constitution." <u>Helenthal v. Polk</u>, No. 4:08-CV-1791 CEJ, 2010 WL 546313, at *1 (E.D. Mo. Feb. 9, 2010) (citations omitted). Thus, the single issue before the court is whether the exercise of personal jurisdiction comports with due process. <u>Id.</u>

Due process requires that minimum contacts exist between a nonresident defendant and the forum states such that the exercise of personal jurisdiction is consistent with traditional notions of fair

play and substantial justice.  <u>Wells Dairy</u>, 607 F.3d at 518 (citations omitted).  "'Sufficient contacts exist when the defendant's conduct and connection with the forum state are such that [it] should reasonably anticipate being haled into court there.'" <u>Id.</u> (quoting <u>Bell Paper Box, Inc. v. U.S. Kids, Inc.</u>, 22 F.3d 816, 818 (8th Cir. 1994)).  A defendant reasonably anticipates being haled into the forum state's court where the defendant performs some act by which it "'purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws.'"  <u>Id.</u> (quoting <u>Bell Paper Box</u>, 22 F.3d at 818-19).

The Eighth Circuit Court of Appeals has established a five-part test to measure a defendant's contacts with the forum state:

> (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) the convenience of the parties.

<u>Id.</u> (quoting <u>Bell Paper Box</u>, 22 F.3d at 819).  Courts evaluate personal jurisdiction under the theories of general jurisdiction and specific jurisdiction.  <u>Dever v. Hentzen Coatings, Inc.</u>, 380 F.3d 1070, 1073 (8th Cir. 2004).

Under the general jurisdiction theory, "a court may hear a lawsuit against a defendant who has 'continuous and systematic' contacts with the forum state, even if the injuries at issue in the lawsuit did not arise out of the defendant's activities directed at the forum." <u>Id.</u> (citation omitted). Specific jurisdiction, on the other hand, requires that "the injury giving rise to the lawsuit occurred within or had some connection to the forum state." <u>Id.</u> (citation omitted).  The third factor of the five-factor test, the relation of the cause of action to the contacts, distinguishes between the two theories.  <u>Wells Dairy</u>, 607 F.3d at 518.

# III.  Discussion A.  General Jurisdiction

Plaintiff Trident Steel first claims that this Court has general subject matter jurisdiction over Sabine Pipe because Sabine has transacted business with several Missouri steel and pipe companies, including Trident, on numerous occasions since 2001.  Trident contends that these "continuous and systematic" contacts satisfy the general personal jurisdiction requirements.   Sabine, on the other hand, asserts that the transactions and correspondence between Sabine and Missouri companies were not "continuous and systematic" such that this Court does not have general jurisdiction.

Upon thorough review of the motion to dismiss and the responses thereto, the undersigned finds that Trident has failed to prove that this Court has general subject matter jurisdiction in this case.   Under Missouri law, general jurisdiction over an out-of-state corporation exists "when that corporation is 'present and conducting substantial business in Missouri.'" Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., 646 F.3d 589, 595 (8th Cir. 2011) (quoting State ex rel. K-Mart Corp. v. Holliger, 986 S.W.2d 165, 167 (Mo. 1999)).  "A court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so 'continuous and systematic' as to render them essentially at home in the forum State."  Goodyear Dunlop Tires Operations, S.A. v. Brown, ___ US. ___, 131 S. Ct. 2846, 2851 (2011) (citation omitted).  However, "'mere purchases [made in the forum State], even if occurring at regular intervals, are not enough to warrant a State's assertion of [general] jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions.'" Goodyear, 131 S. Ct. at 2856 (quoting Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 418 (1984)).

Trident points to emails between Sabine and Missouri corporations, including Trident, that

purportedly show that Sabine sold to Missouri companies 15 times between 2008 and 2010, and it purchased pipe from Trident 67 times over the past 10 years, for sales totaling approximately $1.5 million.[1] Review of these invoices fails to demonstrate systematic and continuous affiliations with Missouri companies. Instead, Sabine's purchases of line pipe and OCTG from Trident were sporadic over the 10 year period, with several months, and even 2 consecutive years, involving no purchases at all. (Adamson Dep. Ex. 2, ECF No. 35-2) These purchases fail to demonstrate general jurisdiction. See Wells Dairy, Inc. v. Food Movers Int'l., Inc. 607 F.3d 515, 517, 519 (8th Cir. 2010) (declining to find general jurisdiction despite more than 100 faxed purchase orders over the course of 2 years totaling more than $6.5 million).

Further, the emails from Sabine requesting prices on line pipe and OCTG are insufficient to demonstrate a systematic and continuous relationship with Missouri to satisfy the general jurisdiction requirements. (Adamson Dep. Ex. 3 to 13, ECF Nos. 35-2, 35-3) The record shows that Sabine requested the quotes via email from its Texas location over a span of several years. (Adamson Dep. Ex. 2 to 13, ECF Nos. 35-2, 35-3) These emails pertaining to potential purchases do not support personal jurisdiction over Sabine where the cause of action is unrelated to these purchases. Johnson v. Arden, 614 F.3d 785, 795 (8th Cir. 2010); see also Noble Sec., Inc. v. MIZ Eng'g, Ltd., 611 F.

---

[1] The case that Trident relies upon to support general jurisdiction set forth the test for determining general jurisdiction, stating that the Eighth Circuit "consider[s] the 'nature and quality of the contacts' as well as the 'quantity of the contacts.'" Lakin v. Prudential Sec., Inc., 348 F.3d 704, 712 (quoting Bell Paper Box, Inc. v. U.S. Kids, Inc., 22F.3d 816, 819 (8th Cir. 1994)). While the Lakin court stated that $10 million in defendant's Missouri loan portfolio could represent "lending relationships with hundreds, if not thousands of Missouri residents", the court could not decide whether this was sufficient to establish general jurisdiction absent additional discovery. Id. at 709-10. Here, the parties did conduct jurisdictional discovery, and the undersigned finds that the evidence produced fails to meet the heightened due process threshold.

Supp. 2d 513, 531 (E.D. Va. 2009) (citations omitted) ("Telephone calls, letters, and faxes alone are insufficient to form a basis for personal jurisdiction.").

Additionally, the invoices and emails from various Missouri pipe and steel corporations do not establish continuous and systematic relationships with Missouri. The evidence submitted by Trident demonstrate that Sabine sold pipe to 4 other Missouri-based companies only 15 times between 2008 and 2010. (Adamson Dep. Ex. 14, ECF No. 35-3); see Helicopteros, 466 U.S. at 418 ("[W]e hold that mere purchases, even if occurring at regular intervals, are not enough to warrant a State's assertion of in personam jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions."). Further, the emails between Sabine and Crestwood Tubulars, Inc. are sporadic and do not rise to the high standard required for general jurisdiction. (Adamson Dep. Ex. 15 & 16, ECF No. 35-3); see Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 595 (8th Cir. 2011) ("Because it extends to causes of action unrelated to the defendant's contacts with the forum state, general jurisdiction over a defendant is subject to a higher due-process threshold.").

In short, Sabine does not have a presence in Missouri, nor does it have continuous and systematic contacts with Missouri sufficient to establish general jurisdiction. Trident fails to dispute that Sabine does not maintain an office or employ Missouri residents. Further, Sabine does not own assets or security interests in Missouri, nor does it have bank accounts in Missouri. Sabine is not licensed to do business in Missouri, and it does not advertise or perform services in the State of Missouri. (Adamson Aff. ¶ 7, ECF No. 13-1) The noncontinuous purchase orders over a decade, along with some emails requesting price quotes, do not rise to the level of rendering Sabine essentially "at home" in Missouri.

## B.  Specific Jurisdiction

Trident also argues that Sabine's contacts with Missouri are sufficient for this Court to exercise specific jurisdiction because Sabine's prior transactions with Trident allowed it to become familiar with Trident's business, salespeople, and customers such that Sabine could harm Trident. In addition, Trident contends that this Court has specific jurisdiction over Sabine because its actions were intentional, uniquely and expressly aimed at Missouri, and Sabine's actions harmed Trident, which Sabine knew would likely occur in Missouri, thus satisfying the Calder effects test.  On the other hand, Sabine argues that specific jurisdiction does not exist because Trident's causes of action are not related to Sabine's prior contacts with Missouri, nor can Trident satisfy the Calder "effects test."

The undersigned finds that Trident has not demonstrated specific jurisdiction in this case. First, the purchases and quotes between Trident and Sabine are not related in any way to the alleged tortious interference resulting from the recruitment and hiring of Reitz, as well as alleged unfair competition and conspiracy with Reitz to misappropriate Trident's customers, orders, and inventory.

In K-V Pharm. Co. v. J. Uriach & CIA, S. A., the case upon which Trident exclusively relies to demonstrate a relationship between the contacts and the conduct, the court found specific jurisdiction existed where the parties had a long-term contract which required a continuing relationship in Missouri, as well as a face-to-face meeting in Missouri, shipment of the product to Missouri, and payments to K-V, which was based in Missouri.  648 F.3d 588, 595-96 (8th Cir. 2011). The court also noted that the breach of contract and misappropriation of trade secrets claims were related to the defendant's contacts with Missouri.  Id. at 595.

In this case, however, Trident's causes of action against Sabine allege tortious acts against

8

Trident with regard to Trident's sales and business expectancies with customers, as well as the contractual relationship with its prior employee, Reitz. Nothing in the Petition or the memoranda in opposition to the motion to dismiss demonstrate a relationship between Sabine's purchases of pipe line and OCTG from Trident and Trident's allegations of tortious interference, unfair competition, and conspiracy with Reitz. Indeed, not one email or purchase order involves or even mentions Reitz. See Trim Fit, LLC v. Dickey, No. 4:06-CV-0049 CEJ, 2006 WL 1134672, at *3 (E.D. Mo. April 25, 2006) (finding purchase of products independent of the alleged torts did not satisfy due process for purposes of personal jurisdiction).

However, Trident asserts that, utilizing the Calder effects test, these alleged intentional tortious acts aimed at Missouri and suffered by a Missouri company establishes specific jurisdiction. The Calder effects test provides:

> a defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered-and which the defendant knew was likely to be suffered-[in the forum state].

Johnson v. Arden, 614 F.3d 785, 796 (8th Cir. 2010) (quoting Lindgren v. GDT, LLC, 312 F. Supp. 2d 1125, 1132 (S.D. Iowa 2004)). In the Eighth Circuit, courts use "the Calder test merely as an additional factor to consider when evaluating a defendant's relevant contacts with the forum state." Id. In other words, courts construe the effects test narrowly "and hold that, absent additional contacts, mere effects in the forum sate are insufficient to confer personal jurisdiction." Id. at 797.

First, Trident is unable to show intent on the part of Sabine. Trident attributes the misdirected sales, forwarding of internal Trident communications and inventory information to Reitz, not Sabine.

(Mem. in Opp'n to Def.'s Mot. to Dismiss for Lack of Personal Jurisdiction 10, ECF No. 35)

Second, even accepting as true Trident's allegations that Sabine intentionally interfered with Trident's sales, business expectancies, and contract with Reitz, Trident fails to show how Sabine's actions were uniquely or expressly aimed at the Missouri such that Sabine should have notice that it would be haled into court there. Viasystems, 646 F.3d at 594-95. Sabine asserts, and Trident does not dispute, that Sabine contacted Reitz in Oklahoma and never contacted anyone in Missouri regarding his prospective employment. (Adamson Aff. ¶ 5, ECF No. 13-1) Further, all of the emails produced by Sabine are between Sabine in Texas and Reitz in Oklahoma and do not involve any Missouri customers. (Adamson Dep. Ex. 17-31, 33-40, ECF Nos. 35-3 & 35-4) "Although the harm to plaintiff's business might have been felt in Missouri, that effect does not create minimum contacts." Trim Fit, 2006 WL 1134672, at *3. Indeed, Trident is unable to show that Sabine's acts were performed for the very purpose of having the consequences felt in Missouri. Johnson v. Arden, 614 F.3d 785, 796 (8th Cir. 2010) (citation omitted).

With regard to the third prong of the effects test, "even if the effect of [Sabine's alleged actions were] felt in Missouri, [courts] have used the Calder test merely as an additional factor to consider when evaluating a defendant's relevant contacts with the forum state." Id. at 796-97. As held by the Eighth Circuit Court of Appeals, without additional contacts, mere effects in Missouri does not confer personal jurisdiction. Id. at 797. Because Trident is unable to demonstrate a connection between Sabine and Trident to confer specific personal jurisdiction, this Court will grant Sabine's motion to dismiss.[2]

---

[2] The undersigned notes that the fourth and fifth factors in assessing personal jurisdiction, the state's interest in providing a forum for its residents and the convenience of the parties, are secondary factors. Cheyenne Prod., S.A. v. Berry, No. 4:09CV00166 AGF, 2011 WL 4014368,

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Sabine Pipe, Inc.'s Motion to Dismiss for Lack of Personal Jurisdiction [Doc. #12] is **GRANTED.**

**IT IS FURTHER ORDERED** that Sabine Pipe, Inc.'s Unopposed Motion to Amend the Case Management Order [Doc. #39] is **DENIED** as **MOOT.**


_____/s/ Terry I. Adelman_____
UNITED STATES MAGISTRATE JUDGE

Dated this __16th__ day of April, 2012.

---

at *5 (E.D. Mo. Sept. 9, 2011).  Because Trident has not established either "continuous and systematic" contacts with Missouri or "minimum contacts" such that it would have anticipated being sued in Missouri, the Court finds any interest Missouri may have in this case is outweighed by Sabine's lack of contacts with Missouri.  McCabe v. Basham, 450 F. Supp. 2d 916, 927 (N.D. Iowa 2006).