UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TRIDENT STEEL CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:11CV1040 TIA |
| ) | |
| GREGORY REITZ. ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Trident Steel Corporation's ("Trident") Motion to Compel. The parties consented to the jurisdiction of the undersigned pursuant to 28 U.S.C. § 636(c).

On April 27, 2011, Trident filed a seven count Petition in the Circuit Court of St. Louis County against Defendant Gregory Reitz ("Reitz") and against Sabine Pipe, Inc., which this Court subsequently dismissed for lack of jurisdiction. Trident's claims against Reitz generally allege that Reitz unlawfully misappropriated confidential information and misdirected sales and customers from Trident to Sabine during Reitz' employment with Trident. On September 7, 2012, Trident filed the present Motion to Compel, seeking answers to Interrogatories 1 and 2 contained in Plaintiff's Second Set of Interrogatories. The first interrogatory inquires "whether any third party has agreed to indemnify you, in whole or in part, or pay for any fees, costs and/or expenses associated with your defense of Trident Steel Corporation's claims against you in this case." (Mem. in Support of Mot. to Compel Ex. A, ECF No. 46-1) Interrogatory 2 asks "whether any third party has agreed to indemnify you, in whole or in part, or pay for any portion of any judgment that may be entered against you in this case." (Id.) Reitz objected to these interrogatories on the basis that they were vague and

ambiguous and were not reasonably calculated to lead to the discovery of admissible evidence. (Id.) Reitz also objected because they requested information outside the scope of Rule 26. (Id.) With regard to Interrogatory 2, however, Reitz also stated that he had no personal knowledge of any insurance coverage indemnifying him for any judgment entered against him. (Id.)

Trident argues that these interrogatories are relevant to Reitz's bias and/or credibility and are reasonably calculated to lead to the discovery of admissible evidence supporting Trident's claims. Trident relies on one case from this district and non-binding cases from California to assert that fee-payment arrangements are relevant to the issues of credibility and bias, which in turn is reasonably calculated to lead to the discovery of admissible evidence supporting Trident's claims. The undersigned finds Trident's arguments and cited cases unpersuasive such that the motion to compel should be denied.

In TAMKO Bldg. Prods., Inc. v. Factory Mut. Ins. Co., No. 4:10CV891 CDP, 2011 WL 4834460 (E.D. Mo. Oct. 12, 2011), the plaintiff sought discovery related to the bias of an insurance appraiser in a dispute over the amount of business interruption losses. Id. at *1. The plaintiff alleged fraud and suppression against the Defendant in selecting a biased appraiser and concealing the bias. Id. United States District Judge Catherine D. Perry found that "[d]iscovery into appraisal bias is relevant because Missouri law and the contract involved in this case both require a fair and disinterested process. The validity of the appraisal process is also directly related to [plaintiff's] claims for breach of contract, vexatious refusal to pay, fraud, and suppression." Id. at *4.

Here, Trident jumps to the conclusion that, similar to TAMKO, discovery into Reitz's bias and credibility are directly related to the claims against Reitz for breach of duty of loyalty, fraud, tortious interference, and unfair competition. However, Trident fails to demonstrate ***how*** the

2

discovery of Reitz's fee arrangement is relevant to those claims against Reitz. In TAMKO, the alleged appraiser bias went to the heart of plaintiff's claims for fraud based on Missouri and contract law, and Judge Perry based her decision on the facts specific to that case. Id.

Here, however, the Trident has not provided any explanation, other than bald conclusions, for its premise that discovery of Reitz's fee arrangement is relevant under Fed. R. Civ. P. 26(b). See Uche v. North Star Capital Acquisition, LLC, Nos. 4:09CV3106, 4:09CV3123, 2010 WL 2089270, at *1 n.4 (D. Neb. May 21, 2010) ("the court will not entertain motions to compel unless a party gives a detailed explanation regarding how the requested discovery 'is relevant to any party's claim or defense' and 'reasonably calculated to lead to the discovery of admissible evidence.' Fed. R. Civ. P. 26(b)(1).") Instead, Trident acknowledges that it is entitled to "explore" Reitz's credibility and bias. (Reply Brief in Sup. of Mot. to Compel 2, ECF No. 49) With regard to the three cases from California upon which Trident heavily relies, while these cases provide holdings regarding fee-payment arrangements and their relationship to credibility and bias issues, the cases contain dissimilar facts and are not binding upon this Court.[1] In short, the Court finds that Trident has not sustained its burden under Rule 26(b) of showing that the requested discovery is "relevant to the subject matter involved in the action."

---

[1] U.S. v. Cathcart, No. C 07-4762 PJH, 2009 WL 1764642 (N.D. Cal. June 18, 2009); Berger v. Seyfarth Shaw, LLP, No. C 07-05279 JSW, 2008 WL 4570687 (N.D. Cal. Oct. 14, 2008); Bryant v. Mattel, Inc., 573 F. Supp. 2d 1254 (C.D. Cal. 2007).

3

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Trident Steel Corporation's Motion to Compel (Doc. No. 45) is **DENIED**.

/s/ Terry I. Adelman  
UNITED STATES MAGISTRATE JUDGE

Dated this  13th  day of December, 2012.